# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, *ex rel.*     )
KATHLEEN JENNINGS, Attorney    )
General of the State of Delaware    )
        )
     Plaintiff,    )C.A. No. N20C-09-097 MMJ CCLD
        )
BP AMERICA., BP P.L.C., CHEVRON    )
CORPORATION, CHEVRON U.S.A. INC.,    )
CONOCOPHILLIPS, CONOCOPHILLIPS    )
COMPANY, PHILLIPS 66, PHILLIPS 66    )
COMPANY, EXXON MOBIL    )
CORPORATION EXXONMOBIL OIL    )
CORPORATION, XTO ENERGY INC.,    )
HESS CORPORATION, MARATHON OIL    )
CORPORATION, MARATHON OIL    )
COMPANY, MARATHON PETROLEUM    )
CORPORATION, MARATHON    )
PETROLEUM COMPANY, LP    )
SPEEDWAY LLC, MURPHY OIL    )
CORPORATION, MURPHY USA INC.,    )
ROYAL DUTCH SHELL PLC, SHELL OIL    )
COMPANY, CITGO PETROLEUM    )
CORPORATION, TOTAL S.A., TOTAL    )
SPECIALITIES USA INC., OCCIDENTAL    )
PETROLEUM CORPORATION, DEVON    )
ENERY CORPORATION, APACHE    )
CORPORATION, CNX RESOURCES    )
CORPORATION, CONSOL ENERGY    )
INC., OVINTIV, INC., and AMERICAN    )
PETROLEUM INSTITUTE,    )
        )
     Defendants.    )

Submitted: January 29, 2024
Decided: February 12, 2024

On CNX Resources Corporation, Citgo Petroleum Corporation
and Murphy USA Inc.'s Motion for Reargument
**DENIED**

On Consol Energy Inc.'s Joinder in Motion for Reargument
**DENIED**

On Apache Corporation's Motion for Clarification
and/or Limited Reconsideration
of the Court's January 9, 2024 Opinion
**DENIED**

## **ORDER**

1.  By Opinion dated January 9, 2024[1], the Court granted in part and denied in part Defendants' various Motions to Dismiss.

2.  Defendants CNX Resources Corporation, Citgo Petroleum Corporation and Murphy USA Inc. ("CNX"); Consol Energy Inc. ("Consol"); and Apache Corporation ("Apache") have moved for reargument.

3.  CNX argues that the Court overlooked the arguments for dismissal of the failure to warn claim. Specifically, the State failed to adequately allege that CNX had "superior knowledge" or "special knowledge" that the products were likely to be dangerous for the use for which the products were supplied. CNX asserts that Rule 9(b)'s heightened pleading standard applies to the State's failure to warn claim.

---

[1] *State ex rel. Jennings v. BP America Inc., et al.*, 2024 WL 98888 (Del. Super.).

2

4. Consol also argues that the State failed to allege this it had "special knowledge" that its use of products would likely contribute to climate change.

5. Apache argues that the State did not plead that Apache specifically knew that its products were endangering the environment or harming consumers. The State did not allege that Apache "researched the effects of fossil fuel consumption or that Apache participated in any discussions regarding the same." Thus, Apache asserts that there can be no inference of its knowledge. Additionally, Apache contends that the State has failed to allege that "any of Apache's production made its way to Delaware nor has it pleaded any specific sales or marketing efforts to consumers...in the State of Delaware."

6. As to CNX, the State responds that under Rule 9(b), while negligence must be pled with particularity, "knowledge and other condition of mind...may be averred generally." The Rule 9(b) particularity requirement regarding state of mind applies to fraud claims. Further, the arguments about "special" or "superior" knowledge were exhaustively briefed.

7. As to Consol, the State's response is the same.

8. As to Apache, the State additionally responds that the State alleged that each Defendant knew or had reasons to know that their fossil fuel products were causing harm to their consumers and to the State. The State also alleged that Apache

3

made statements in and outside Delaware regarding their campaign of deception and thus failed to warn consumers.

9. It the January 9, 2024 Opinion, the Court found, in part:

### *Failure to Warn*

The State argues that Defendants failed to warn by making misrepresentations about climate change and attempting to indirectly induce Delaware consumers to buy their fossil fuel products.[2] Defendants "had a duty to warn both consumers and bystanders that would foreseeably be harmed by the intended use of their products, and because [Defendants] made sure the dangers of their products were neither open nor obvious through their pervasive climate-disinformation campaigns."[3]
Under Section 388 of the Restatement (Second) of Torts and Delaware law, a manufacturer has a duty to warn users of the dangerous nature of its products.

One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

(a)     knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and

(b)     has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and

---

[2] Pl.'s Answering Brief in Opposition to Defs. Joint Motion to Dismiss for Failure to State a Claim at 53.

[3] *Id.* at 39.

(c)     fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

This duty extends not only to those for whose use the chattel is supplied but also to third parsons whom the supplier should expect to be endangered by its use, which may include persons who have no connection with the ownership or use of the chattel itself. The manufacturer's duty is dependent on whether it had knowledge of the hazards associated with its product. The standard for determining the duty of a manufacturer to warn is that which a reasonable (or reasonably prudent) person engaged in that activity would have done, taking into consideration the pertinent circumstances at that time. And even where that knowledge exists, liability is imposed only where the manufacturer had no reason to think that the users of its products would recognize the danger, and it fails to exercise reasonable care in warning users of the product's dangerous nature.[4]

The State argues that Defendants had a duty to warn because they knew or had reason to know that their fossil fuel products were causing harm to their consumers and to the State.[5] The State also argues that it is an injured bystander. Foreseeable bystanders need to be protected as well.[6] Courts have recognized that "bystanders should be entitled to greater protection than the consumer or user

---

[4] *Ramsey v. Georgia S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1278–1279 (Del. 2018) (citing Restatement § 388) (quotes omitted).

[5] Pl.'s Answering Brief in Opposition to Defs. Joint Motion to Dismiss for Failure to State a Claim at 42.

[6] *Id.* at 40.

where injury to bystanders from the defect is reasonably foreseeable."[7]

In response, Defendants argue that there is "no duty to warn of or protect invitees from an open and obvious danger."[8] Defendants allege that the State's own allegations in the Complaint admit that the potential dangers of fossil fuel use on the climate have been "open and obvious" for decades.[9] Thus, Defendants had no duty to warn about these dangers, and the negligent failure to warn claims fail as a matter of law.[10]

The Court finds that the State has stated a claim for failure to warn. The State has alleged that Defendants knew that their products were endangering the environment, and harming their consumers and the State of Delaware (a valid bystander). However, the question of whether the danger was open and obvious is not appropriate for resolution at the dismissal stage.

10. The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[11] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has

---

[7] *Elmore v. Am. Motors Corp.*, 70 Cal. 2d 578, 586 (1969); *see also Prosser & Keeton on Torts* § 100, pp. 703–704 (5th ed. 1984).

[8] Defs. Joint Opening Brief in Support of Motion to Dismiss for Failure to State a Claim at 56 (quoting *Jones v. Clyde Spinelli, LLC*, 2016 WL 3752409, at *2 (Del. Super.)).

[9] *Id.* at 57.

[10] *Id.* at 57–58.

[11] *Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (Del. 1969).

misapprehended the law or the facts in a manner affecting the outcome of the decision.[12] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[13] To the extent moving Defendants have asserted issues that were not raised in the submissions in support of its motion, new arguments may not be presented for the first time in a motion for reargument.[14] A court cannot "re-weigh" evidence on a motion for reargument.[15]

11. The Court has reviewed and considered the parties' written submissions and arguments. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision. Rule 9(b) does not require that the State specifically allege "special" or "superior" knowledge by each individual Defendant in support of its failure to warn claim. Knowledge and state of mind may be averred generally. For purposes of a motion to dismiss, a plaintiff asserting failure to warn need not plead *specific* sales or marketing efforts to consumers in Delaware. It is sufficient to survive a motion to dismiss that the State alleged that each Defendant knew or had reasons to know that their fossil fuel products were causing harm to their consumers and to the

---

[12] *Ferguson v. Vakili*, 2005 WL 628026, at *1 (Del. Super.).

[13] *Wilmington Trust Co. v. Nix,* 2002 WL 356371, at *1 (Del. Super.).

[14] *Oliver v. Boston University*, 2006 WL 4782232, at *1 (Del. Ch.).

[15] *Manichean Capital, LLC v. Sourcehov Holdings, Inc.,* 2020 WL 11660067, at *3 (Del. Ch.).

State, and that Apache made statements in and outside Delaware regarding their campaign of deception and thus failed to warn consumers.

**THEREFORE,** Defendants' Motions for Reargument are hereby **DENIED.**

**IT IS SO ORDERED.**

*/s/ Mary M. Johnston*
The Honorable Mary M. Johnston